IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JIMMY HUNTER**                                                                                **PLAINTIFF**

v.                                      **Case No. 4:23-cv-662 JM**

**SANTANDER CONSUMER USA**                                         **DEFENDANT**

## ORDER

This case arises out of the purchase of a 2015 GMC Sierra by Plaintiff Jimmy Hunter from Phil Wright Chevrolet-Cad. Co.in Russellville, Arkansas. He signed a retail installment sales contract to finance $21,035.00 over 72 months at 22.29% APR. The dealership assigned the contract to Defendant Santander Consumer USA ("Santander) the same day the truck was purchased, December 7, 2021. Pending is a motion to dismiss for failure to state a claim filed by Defendant. (Doc. No. 9) The issues have been fully briefed, with the parties filing a response, a reply, and a surreply.

First, some law. A complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief" to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 8(a)(2). The complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests and must also contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.*

A complaint alleging fraud must meet an even higher pleading standard. Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, all claims for fraud must be plead with

particularity. A complaint must allege "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Drobnak v. Anderson Corp.*, 561 F.3d 778, 783 (8th Cir. 2009). Complaints that fail to state the "who, what, where, when, and how of the alleged fraud" do not satisfy Rule 9(b)'s heightened pleading standard. *Id.*

Plaintiff alleges the following facts in his amended complaint. (Doc. No. 4). After he realized that "the sales tax had mistakenly been excluded in the purchase and financing of a truck," he contacted Defendant "in hopes of refinancing" so he could get the sales tax paid and the truck "tagged." Defendant told him to seek other finance options. Plaintiff says he was eventually "forced to cancel payments and offered up the truck voluntarily. Whatever the purpose of those allegations, Plaintiff has now clarified that he is not trying to claim fraud based on the sales tax not being included in the financing. (Doc. 12, ¶ 1).

According to Plaintiff's response, his "real concern in the action" is found in paragraphs 5, 6, 7, and 8 of the amended complaint. (Plaintiff's response, Doc. 11, ¶ 1). Plaintiff alleges that at some point he received "dozens of harassing phone calls from the Defendant's agent" and "a letter from the Defendant with Intent to Accelerate Repossession." He further alleges that he looked on the internet and found that "the Defendant has previously been in litigation before the Courts due to the same unethical behavior that is alleged in this Action." Upon learning that information, Plaintiff was "prompted to re-evaluate the Contract" between the parties and found that "he is also a victim of unethical and fraudulent practices by the Defendant." The only specific allegation Plaintiff makes is that Defendant "failed to disclose all information concerning the penalties of a Subprime Loan and its deceptive and fraudulent hidden fees in their Contract."

The Court finds that Plaintiff has failed to state a claim for fraud against Defendant arising out the sales tax not being included in the financing, which Plaintiff does not dispute. To that extent, the motion to dismiss (Doc. No. 9) is GRANTED. However, that does not conclude this case.

The Court gives Plaintiff one more shot at drafting an amended complaint that contains sufficient facts to support his claim that he was the "victim of unethical and fraudulent practices by the Defendant." The allegations that plaintiffs in other lawsuits have challenged Defendant's business practices does not give Defendant fair notice of Plaintiff's claim in this lawsuit. Also, Plaintiff compiled a laundry list of "issues" beginning on page four of his response brief (Doc. No. 12). Bare recitation of these items in an amended complaint would not survive another Rule 12(b)(6) challenge. A second amended complaint must contain "sufficient factual matter to state a claim for relief" under whichever cause or causes of action he may elect to pursue. <u>If Plaintiff chooses to file a second amended complaint, he must do so by December 14, 2023</u>.

Finally, the Court questions whether it has subject matter jurisdiction over this case. An amended complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. Rule 8(a)(1). Plaintiff must make the basis for federal jurisdiction clear in his amended complaint.

THEREFORE,

1. The motion to dismiss (Doc. No. 9) is GRANTED.
2. Plaintiff is given until <u>December 14, 2023</u> to file a second amended complaint addressing the deficiencies discussed above.
3. The Clerk is directed to rename docket entries Nos. 14 and 15 as simply as Plaintiff's Request for Production of Documents and Plaintiff's First Interrogatories,

respectively.  Plaintiff is advised that interrogatories and requests for production are to be served on the opposing party but should <u>not</u> be filed with the Clerk. Fed. R. Civ. P. Rules 33-34.

IT IS SO ORDERED this 29th day of November, 2023.

                                                                                                  _____
                                                                                                  UNITED STATES DISTRICT JUDGE