# IN THE UNITED STATES DISTRICT COURT
# EASTERN DIVISION OF ARKANSAS
# CENTRAL DIVISION

**JIMMY HUNTER**                                                                 **PLAINTIFF**

V.                                     No. 4:23-CV-00662-JM

**SANTANDER CONSUMER USA**                                                       **DEFENDANT**

## ORDER

Pending is Defendant's Motion to Dismiss (Doc. No. 27). Plaintiff has responded and Defendant has replied.[1] For the reasons set out below, the motion is GRANTED. This case is DISMISSED.

### I.     BACKGROUND

Plaintiff purchased a car from Phil Wright Chevrolet, and Defendant provided funding for the vehicle through a Motor Vehicle Installment Sales Contract. The contract specifically set out the following: (1) annual percentage rate of 22.29%; (2) finance charge of $17,280.52; (3) financed amount of $21,035; (4) total payments of $38,315.52; (5) total sale price of $39,815.52; and (6) "Federal and Texas law apply to this contract."[2] Monthly payments of $532.16 were to commence on January 6, 2022 and continue for six year.[3]

Plaintiff asserts that the contract violates Arkansas's usury laws and has resulted in a negative impact on his credit. He also argues that he was not permitted to negotiate the interest rate with the seller.

---

[1] Doc. Nos. 29, 34.

[2] Doc. No. 23 at 12.

[3] *Id.*

1

## II.   DISCUSSION

Plaintiff's claim that the Motor Vehicle Installment Sales Contract violates Arkansas usury laws is without merit because the contract clearly states that Texas law applies.  Texas law provides:

> Generally, if a sale contract shows on its face that there is a cash price and a deferred payment price which are revealed to the purchaser at the time of the making of the contract, and that the finance charges are set forth as such, the amount of such finance charges will not be deemed interest, but a time price differential paid for the privilege of purchasing property to be paid for by the buyer in installments over a period of time.[4]

In a "time price differential" transaction, the buyer agrees to purchase or take possession of the goods or services and to pay the price in installments over a period of time.  It is different from the charging of "interest" on a "loan."[5]  Usury simply does not apply to this type of contract.  Additionally, Plaintiff was aware of the high "annual percentage rate" when he signed the contract.

Plaintiff also argues that he was "never given the opportunity to negotiate" the interest rate with the seller.  Nothing in the agreement required Defendant to negotiate a different interest rate.  The agreement provided that the "Annual Percentage Rate <u>may</u> be negotiable with the Seller."[6]

Plaintiff was unable to continue payments and asserts that this had a negative impact on his credit.  This assertion is insufficient to state a claim under the "Equal Credit Opportunity Act, Fair Debt Collections Act, [or] Truth in Lending Act."[7]

---

[4] *Jim Walter Homes, Inc. v. Schuenemann*, 668 S.W.2d 324, n.2 (Tex. 1984).

[5] *Briercroft Serv. Corp. v. De Los Santos*, 776 S.W.2d 198, 211 (Tex. App. 1988).

[6] Doc. No. 23 at 13 (emphasis added).

[7] *Id.* at 6.

## CONCLUSION

For the reasons set out above, Defendant's Motion to Dismiss (Doc. No. 27) is GRANTED.  This case is DISMISSED.

IT IS SO ORDERED this 12th day of February, 2024.

_____
UNITED STATES DISTRICT JUDGE